DISSENTING OPINION BY
President Judge PELLEGRINI.
Because the Charter School Law (Law)[1] only permits an application for a charter school and not a charter school district, except in Philadelphia, I would hold that the State Charter Appeal Board (CAB) properly granted the Bethlehem Area School District’s (School District) motion to quash and properly dismissed the Le-high Valley Dual Language Charter School’s (Charter School) appeal. Accordingly, I respectfully dissent.
As the majority recounts, the issue in this case is a simple one — may a charter school board operate two or more schools under one charter. In finding that a charter school board can operate a school at more than one location, the majority does not rely on any provision of the Law or analysis of the Law. Instead, it conjures up some sort of unexpressed dicta or holding from our decision in Montessori Regional Charter School v. Millcreek Township School District, 55 A.3d 196 (Pa.Cmwlth. 2012), stating:
While the District is correct that the majority opinion in Montessori did not analyze the issue of whether a charter school could have more than one location under the Law, which was not raised by the school districts in that case, this Court was clearly aware of the issue as it was set forth in the concurring and dissenting opinion. The majority opinion[ ] in Montessori ... did not adopt the position of the minority opinion[], which would have interpreted the Law as not permitting charter amendments, and specifically charter amendments related to operating at more than one facility....
Majority Opinion, at 406. The majority opinion in Montessori said nothing about whether a charter school could operate at more than one location and, as such, it necessarily stands for nothing as precedent on that issue.
In analyzing the Law, it is clear that only one location is permitted under one charter. The Law provides that a charter school may only be created by application to establish either a single district charter school under Section 1717-A of the Law, 24 P.S. § 17-1717-A, or a multi-district regional charter school under Section 1718-A(a), 24 P.S. § 17-1718-A(a). Section 1719-A(11) of the Law, 24 P.S. § 17-1719-A(11), states that an application to establish a charter school must indicate the address and a description of the physical facility in which the charter school will *410 be located. There is simply no provision in the Law authorizing a charter school to create a separate charter school facility with one exception that confirms this analysis.
Section 1722-A(d) of the Law, 24 P.S. § 17-1722-A(d), states that “[njotwith-standing any other provision of this act, a school district of the first class may, in its discretion, permit a charter school to operate its school at more than one location.” In turn, Section 202, 24 P.S. § 2-202, states, in relevant part, that “[e]ach school district having a population of one million (1,000,000) or more, shall be a school district of the first class.” Because the School District is not a first class school district, the General Assembly did not grant it the power to permit the Charter School to operate at more than one location or facility. See Veterans of Foreign Wars Post 1989 v. Indiana County Board of Assessment Appeals, 954 A.2d 100, 106 (Pa.Cmwlth.2008) (“The maxim expressio unius est exclusio alterius holds that the express inclusion of one thing implies the exclusion of another; this means that any omission by the legislature was deliberate.”) (citations omitted).[2]
Accordingly, unlike the majority, I would affirm the CAB.

. Act of March 10, 1949, P.L. 30, added by Section 1 of the Act of June 19, 1997, P.L. 225, as amended, 24 P.S. §§ 17-1701-A — 17-1751-A.

. I would also affirm the CAB’s quashing of the appeal for the reason set forth in my dissent in Northside Urban Pathways Charter School v. State Charter School Appeal Board, 56 A.3d 80, 90-91 (Pa.Cmwlth.2012) (Pelle-grini, P.J., dissenting): that the CAB's jurisdiction is limited to appeals from a school district’s denial of a charter school application under Sections 1717 — A(i)( 1) and 1718— A(c), 24 P.S. §§ 17 — 1717—A(i)( 1), 17-1718-A(c); appeals from a school district's deemed denial of an application, under Section 1717— A(g), 24 P.S. § 17 — 1717—A(g); and appeals from a school district’s revocation or nonre-newal of a charter under Section 1729-A(d), 24 P.S. § 17-1729-A(d). Because the General Assembly did not confer upon the CAB the power to consider the denial of a charter amendment request, such an appeal of a local agency adjudication is properly lodged in the court of common pleas of the county in which the school district is located. Sections 101 and 752 of the Local Agency Law, 2 Pa.C.S. §§ 101, 752; Section 933(a)(2) of the Judicial Code, 42 Pa.C.S. § 933(a)(2).